IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

DEVIN KUGLER, *et al.*,
    Plaintiffs,

v.

                                      Case No. 4:26-cv-04071-JEH

ERIN POSEY, *et al.*,
    Defendants.

## Merit Review Order

Plaintiffs Devin Kugler and Kristopher Sewell, proceeding *pro se* and civilly detained in the Rushville Treatment and Detention Facility pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, pursue an action under 42 U.S.C. § 1983 for alleged constitutional violations. (Doc. 11). Plaintiffs seek leave to proceed *in forma pauperis*. (Docs. 3, 7). The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). A court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court will grant leave to proceed *in forma pauperis* only if Plaintiffs' Amended Complaint states a federal claim.

I

This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiffs' favor. *Turley v. Rednour*,

729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## II

Plaintiffs file suit against Assistant Facility Director Erin Posey, Security Director Ashley Gregory, Thomson (or Thompson), Janna Spencer, Amber Reische, and John/Jane Does. Plaintiffs allege the constitutional violations occurred on January 1, 2024, March 24, 2024, February 11, 2026, February 24, 2026, and March 6, 2026.

Plaintiffs allege Defendants Posey and Spencer are members of Rushville's Media Review Committee. As Security Director, Defendant Gregory is responsible for creating and implementing policies. As Property Coordinators, Defendants Reische and Thomson are responsible for enforcing policies and procedures related to residents' personal property.

Plaintiffs allege Defendants Posey, Gregory, Spencer, Reische, and Thomson have implemented and enforced a media review policy which prohibits residents from possessing certain materials, such as television series rated TV-14 and TV-MA, movies rated PG-13, NC-17, R, and X, video games rated T for Teen, M for Mature, and A for Adult, books, magazines, photos, and drawings/artwork. Plaintiffs allege the policy violates the First Amendment.

Plaintiffs allege Defendants Reische and Thomson placed their anime-based television series rated TV-14 and TV-MA under review. Defendant Spencer allegedly denied Plaintiff Sewells' television series because Defendant Spencer

2

claimed it contained sexually explicit material and encouraged or instructed the commission of criminal activity.

Defendant Gregory allegedly denied Plaintiff Kugler an anime series produced by VIZ Media rated TV-14. Defendant Gregory claimed a mental health professional determined the series was detrimental to Plaintiff Kugler's mental health and rehabilitation.

Defendants Spencer and Posey allegedly denied some of Plaintiff Kugler's handmade artwork, claiming it contained sexually explicit material.

### III

Claims under the First Amendment raised by civil detainees, such as Plaintiffs, are governed by the test set forth in *Turner v. Safley*, 482 U.S. 78, 89-91 (1987). *Turner* requires that a state's restraint of detainees' First Amendment rights must be rationally connected to the state's legitimate interests. *Brown v. Phillips*, 801 F.3d 849, 853 (7th Cir. 2015) (reversing grant of summary judgment for the defendants on Rushville's ban on movies and video games portraying graphic depictions of sex and violence). The prohibition would be constitutional if rationally related to legitimate interests such as rehabilitation, but that determination requires a developed record. *Id.* at 854 (". . . some data is needed to connect the goal of reducing the recidivism of sex offenders with a ban on their possessing legal adult pornography."). Plaintiffs will be permitted to proceed on a First Amendment claim against Defendants Posey, Gregory, Thomson, Spencer, and Reische.

Plaintiffs named John/Jane Does as Defendants, but they did not include any specific allegations against them in their Amended Complaint. Therefore, John/Jane Does are dismissed without prejudice.

**IT IS THEREFORE ORDERED:**

1) According to the Court's Merit Review of Plaintiffs' Amended Complaint under 28 U.S.C. § 1915A, Plaintiffs alleged sufficient facts to proceed on a First Amendment claim against Defendants Erin Posey, Ashley Gregory, Thomson, Janna Spencer, and Amber Reische. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2) Defendants John/Jane Does are DISMISSED WITHOUT PREJUDICE. The Clerk is directed to TERMINATE John/Jane Does.

3) Plaintiffs' Motions for Leave to Proceed *in forma pauperis* [3], [7] are GRANTED.

4) This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

5) The Court will attempt service on Defendants by mailing a waiver of service. If Defendants fail to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendants and will require Defendants to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

6) Defendants shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In

4

general, an answer sets forth Defendants' position. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the answer is necessary or will be considered. If Defendants have not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

7)      If Defendants no longer work at the address Plaintiff provided, the entity for whom Defendants worked while at that address shall submit to the Clerk Defendants' current work address, or, if not known, Defendants' forwarding address. This information shall be used only for effectuating service. Documentation of Defendants' forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

8)      This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendants' counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

9)    Defendants' counsel is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Defendants' counsel shall arrange the time for the deposition.

10)    Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

11)    Plaintiff shall be provided a copy of all pertinent medical records upon request.

12)    Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

13)    The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

*It is so ordered.*

Entered: April 30, 2026

s/Jonathan E. Hawley
U.S. District Judge